NOT FOR PUBLICATION

FILED

NOV 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROB BOWLER and JANA BOWLER, | No. 11-35887 |
| Plaintiffs - Appellants, | D.C. No. 6:11-cv-06037-HO |
| v. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT and UNITED STATES DEPARTMENT OF THE INTERIOR, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted November 9, 2012
Portland, Oregon

Before: ALARCÓN, TROTT, and PAEZ, Circuit Judges.

In this action, local landowners challenge BLM's "Tioga Bridge Project" on

the North Umpqua River in southwestern Oregon, alleging violations of the

National Environmental Policy Act (NEPA), 42 U.S.C. § 4331 et seq.; the Wild

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and Scenic Rivers Act (WSRA), 16 U.S.C. § 1271 et seq.; and the Federal Land Policy Management Act (FLPMA), 43 U.S.C. § 1701 et seq. Plaintiffs Rob and Jana Bowler appeal from the district court's grant of summary judgment to the government. We review agency decisions under the arbitrary and capricious standard of the APA. 5 U.S.C. § 706(2)(A).

With respect to Plaintiffs' NEPA claims, we are not persuaded that BLM's decision not to issue an Environmental Impact Statement (EIS) for the Tioga Bridge Project ("Project") was arbitrary and capricious, nor do we find the review in the Environmental Assessment (EA) to be inadequate. Under the deferential review given to agency decisions, we affirm.

The Administrative Record—particularly the EA—shows that BLM took the requisite "hard look" and adequately disclosed and analyzed the environmental impacts of the Project. The EA discloses the scope of the Project, identifies existing uses in the Project area, and explains both adverse and beneficial impacts to uses in the Project area with quantitative data or reasonable estimates. The data and reasoning in the EA support the agency's conclusion of no significant environmental impact and the decision not to issue an EIS. Thus, we hold that BLM did not act arbitrarily and capriciously by concluding that an EIS was not required for the Tioga Project under the intensity factors prescribed in the

regulations implementing NEPA. 40 C.F.R. 1508.27(b)(1)-(10). Although the Plaintiffs emphasize some of the *de minimis* adverse impacts disclosed in the EA as evidence that a full EIS is required, following *Native Ecosystems Council v. U.S. Forest Serv.*, any agency disclosure of "adverse impacts on wildlife species or habitat or acknowledg[ment of] information favorable to a party that would prefer a different outcome" does not mandate an EIS. 428 F.3d 1233, 1240 (9th Cir. 2005).

The EA also analyzed in detail the proposed Project and the required no-action alternative, and discusses five additional alternatives. BLM's actions were reasonable because an agency's obligation with the detail of an EA is less than under an EIS and requires only a brief discussion of reasonable alternatives. *Native Ecosystems*, 428 F.3d at 1238-39.

With respect to Plaintiffs' claims that BLM violated the WSRA and the FLMPA, we also affirm the district court's judgment. Although it is not entirely clear what specific provisions of these governing statutes Plaintiffs allege BLM violated, we have carefully considered their arguments and we are not persuaded that BLM failed to comply with the statutes' requirements.

**AFFIRMED.**